UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICK D. CHATTERTON,<br><br>               Petitioner,<br><br>v.<br><br>RANDY BLADES,[1]<br><br>               Respondent. | Case No. 1:16-cv-00185-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Patrick Chatterton, challenging Petitioner's Twin Falls County conviction of felony driving under the influence ("DUI"). (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, arguing that Claim 1 is noncognizable (meaning that it cannot be heard on federal habeas review), that the Petition is barred by the one-year statute of limitations, and that all of Petitioner's claims are procedurally defaulted. (Dkt. 14.) The Motion is now ripe for consideration by the Court.

---

[1]      As Petitioner's current custodian, Respondent Randy Blades, warden of the Idaho State Correctional Center, is substituted for Steven Little, warden of the South Idaho Correctional Institution. *See* Fed. R. Civ. P. 25(d).

**MEMORANDUM DECISION AND ORDER - 1**

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 13.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 15.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case with prejudice.

## BACKGROUND

In the Fifth Judicial District Court in Twin Falls County, Idaho, Petitioner pleaded guilty to felony DUI, along with a persistent violator enhancement. (State's Lodging A-1 at 2.) The judgment of conviction was entered on May 1, 2013. Petitioner was sentenced to a unified term of fifteen years in prison with five years fixed. (*Id*. at 4.) Petitioner filed a late notice of appeal, which was dismissed by the Idaho Supreme Court as untimely on December 3, 2013. (State's Lodging A-2, B-3.) The remittitur was issued on January 6, 2014.

Petitioner states that, in the meantime, on August 28, 2013, he filed a motion for reduction of sentence under Idaho Criminal Rule 35, which was denied on September 3,

2013. (Dkt. 3 at 9.) Petitioner did not appeal the denial of this motion. On March 4 or

March 9, 2015, Petitioner filed a second Rule 35 motion.[2] (Dkt. 3 at 9; Dkt. 19 at 4.)

The second Rule 35 motion alleged that a blood draw, which was done without a

warrant and which led to the DUI charge in his case, was unconstitutional under *Missouri

v. McNeely*, 133 S. Ct. 1552 (2013). (Dkt. 19 at 4.) In *McNeely*, the Supreme Court held

that the natural metabolization of alcohol in a person's blood does not present "a *per se*

exigency that justifies an exception to the Fourth Amendment's warrant requirement for

nonconsensual blood testing in all drunk-driving cases" and that, therefore, exigency

"must be determined case by case based on the totality of the circumstances." *Id.* at 1556.

The trial court denied the Rule 35 motion on March 12, 2015, stating that, because

Petitioner claimed that his conviction (rather than his sentence) was illegal, the "proper

mechanism" to challenge that conviction was a petition for state post-conviction relief.

(*Id.* at 5.)

Petitioner filed such a petition on March 23, 2015, again claiming that the

warrantless blood draw that led to his DUI charge was unconstitutional under *McNeely*.

(State's Lodging C-1 at 5-12.) On April 27, 2015, the state district court dismissed the

petition as untimely because it was not filed within one year of the date Petitioner's

conviction became final. (*Id.* at 34-37, 52, citing Idaho Code § 19-4902.)

---

[2]     The record lodged with the Court does not contain Petitioner's Rule 35 motions or the trial
court's orders denying them. Nonetheless, the Court accepts Petitioner's assertions regarding these
motions, including the filing dates and dates of denial, for purposes of this decision.

**MEMORANDUM DECISION AND ORDER - 3**

Petitioner appealed. However, Petitioner's appointed counsel later moved to withdraw, finding no meritorious issues; the Idaho Supreme Court granted the motion. (State's Lodging D-1 through D-3.) Petitioner voluntarily dismissed the appeal, and the remittitur was issued on February 5, 2016. (State's Lodging D-4 through D-6.)

Petitioner states that he then filed a state petition for writ of habeas corpus. The petition was dismissed on March 8, 2016, because, under Idaho law, a challenge to the validity of a conviction cannot be brought in a state habeas petition, but instead must be raised in a post-conviction petition.[3] (Dkt. 3 at 10-11.)

Petitioner filed the instant federal Petition in this Court, at the earliest, on April 28, 2016.[4] Petitioner asserts the following claims: (1) violation of the Fourth Amendment based on the warrantless blood draw; (2) violation of due process based on Petitioner's inability "to access new information regarding U.S. Supreme Courts [sic] decision concerning 4th amendment 'warrantless,' unreasonable search and seizures"; (3) ineffective assistance of counsel based on trial counsel's advice regarding the persistent violator enhancement; and (4) violation of due process and the Double Jeopardy Clause based on Petitioner's conviction of both the underlying felony DUI charge and the persistent violator enhancement. (Dkt. 3 at 6-14; Dkt. 7 at 2-3.)

---

[3]     The Court accepts Petitioner's assertions regarding this state habeas petition. *See* n.2, *supra*.

[4]     *See* Rule 3(d) of the Rules Governing Section 2254 Cases; *Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that, if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court).

**MEMORANDUM DECISION AND ORDER - 4**

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 7 at 3.)

## DISCUSSION

The Rules Governing § 2254 Cases ("Habeas Rules") call for the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the [federal] district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Claim 1 is not cognizable and that Petitioner's claims are barred by the one-year statute of limitations. For the following reasons, the Court agrees and will dismiss the Petition with prejudice.[5]

## 1.    Claim 1 is Not Cognizable in this Federal Habeas Proceeding

Claim 1 asserts a violation of the Fourth Amendment based on the nonconsensual, warrantless blood draw that led to Petitioner's felony DUI prosecution. However, the Fourth Amendment's exclusionary rule is "not a personal constitutional right" but, rather, a practical way to deter police conduct that violates the Fourth Amendment. Hence,

---

[5]    Therefore, the Court need not address Respondent's alternative procedural default argument.

**MEMORANDUM DECISION AND ORDER - 5**

Fourth Amendment claims generally are not cognizable in federal habeas corpus proceedings. *Stone v. Powell*, 428 U.S. 465, 486 (1976). The *Stone* rule is based on the principle that social costs of the exclusionary rule are heavy—the rule "deflects the truthfinding process and often frees the guilty." *Id.* at 490. On collateral review of a criminal conviction, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." *Id.* at 494-95.

Therefore, so long as the state courts provided the petitioner an opportunity for full and fair litigation of his Fourth Amendment claim in state court, a federal court cannot grant habeas corpus relief on the ground that evidence was obtained in violation of the Fourth Amendment. *Id.* at 494. To determine whether a petitioner had a full and fair opportunity to challenge his Fourth Amendment claim in state court, the Court "inquire[s] into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims." *Sanna v. Dipaolo*, 265 F.3d 1, 8 (1st Cir. 2001). If the Court determines that the available state court procedures are adequate, the inquiry ends there. *Id.* at 8-9. That is, if "a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under *Stone*, to second-guess the accuracy of the state court's resolution of those claims." *Id.* at 9. Stated another way, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d

**MEMORANDUM DECISION AND ORDER - 6**

891, 899 (9th Cir. 1996); *see also Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986) ("All *Stone v. Powell* requires is the initial opportunity for a fair hearing.") Petitioner bears the burden of establishing that the state did not provide a full and fair opportunity for him to litigate his Fourth Amendment claim. *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977).

Here, Petitioner could have raised his Fourth Amendment claim by litigating the issue in the trial court (for example, in a motion to withdraw his guilty plea) or by timely filing an appeal asserting such a claim in the state appellate court. *McNeely* was decided on April 17, 2013—*before* Petitioner's judgment of conviction was entered.[6] Idaho's procedures are adequate and offered Petitioner a full and fair opportunity to raise his Fourth Amendment claim. Therefore, Claim 1 is subject to summary dismissal as noncognizable.

## 2.   Claims 2, 3, and 4 Are Barred by the Statute of Limitation

### A.   *Standard of Law for Timeliness of Habeas Petitions*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time

---

[6]     This discussion does not intend to suggest that if Petitioner raised a Fourth Amendment claim in state court immediately upon the issuance of *McNeely*, the state court would have been obligated to grant him relief. Rather, the Court merely notes that Petitioner's own proffered excuse—that he could not have raised a Fourth Amendment claim before *McNeely* was decided—does not render the state procedures unfair or inadequate.

**MEMORANDUM DECISION AND ORDER - 7**

for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[7] One year in this context actually

means 366 days, for example, from January 1, 2001, to January 1, 2002. *See Patterson v.*

*Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure

6(a) to AEDPA, where the calculation excludes the day the conviction became final).

The first step in a statute of limitations analysis under § 2244(d)(1)(A) is

determining the date on which the petitioner's conviction became final. The date of

"finality" that begins the one-year time period is marked as follows, depending on how

far a petitioner pursues his case:

| <u>Action Taken</u> | <u>Finality Occurs</u> |
| --- | --- |
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |

---

[7]      Several other triggering events for the statute of limitations exist—but are less common—and are
set forth in subsections 2244(d)(1)(B), (C), and (D):

    (B)      the date on which the impediment to filing an application created by State action in
violation of the Constitution or laws of the United States is removed, if the applicant was
prevented from filing by such State action;

    (C)      the date on which the constitutional right asserted was initially recognized by the
Supreme Court, if the right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

    (D)      the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**MEMORANDUM DECISION AND ORDER - 8**

| | |
|---|---|
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 565 U.S. 134, 150-51 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

The one-year statute of limitations can be tolled (meaning suspended) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for postconviction relief or other collateral challenge in state court, the one-

MEMORANDUM DECISION AND ORDER - 9

year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed. To warrant tolling, the collateral relief application must be "properly filed," meaning that it conforms to state rules governing conditions to filing, including filing deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

The time before a petitioner files an initial application for collateral review in state court does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). In addition, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003). Finally, each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the tolling period began.

If, after applying statutory tolling, a habeas petition is deemed untimely, a federal court can still hear the merits of the petition if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional

**MEMORANDUM DECISION AND ORDER - 10**

circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

A petitioner requesting equitable tolling must show "reasonable diligence, not "maximum feasible diligence," *id.* at 653, and "whether a petitioner acted with reasonable diligence is a fact-specific inquiry," *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016). "Ordinarily, a petitioner must act with reasonable diligence both before and after receiving delayed notice that the state denied his habeas petition." *Id.* at 656.[8]

## B.    *Petitioner's Conviction Became Final on June 12, 2013*

The statute of limitations with respect to Claims 2 through 4 began to run when Petitioner's conviction became final.[9] *See* 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not timely file a direct appeal from his conviction—entered on May 1, 2013—that

---

[8]    In addition to statutory and equitable tolling, the statute of limitations is also subject to an actual innocence exception. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). However, Petitioner does not contend that he is actually innocent. (*See generally* Dkt. 19.)

[9]    Petitioner argues that the statute of limitation was not triggered by the date of finality of his conviction pursuant to § 2244(d)(1)(A) but, instead, that the Court should analyze the timeliness of his claims under § 2244(d)(1)(C) or (D). (Dkt. 19 at 12-13.) However, Petitioner's arguments with respect to these subsections—that *McNeely* established a new constitutional right, under subsection (d)(1)(C), and that he could not have known of the factual predicate for his claim earlier because he had no access to the *McNeely* decision, under subsection (d)(1)(D)—apply only to Claim 1.
    The Court must analyze the issue of timeliness on a claim-by-claim basis, rather than giving the Petition as a whole a single limitations period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) ("Therefore, we hold that AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis."). Because Claim 1 is noncognizable and because Petitioner does not contend that his other claims are subject to the triggering events found in subsection (d)(1)(C) or (D), the statute of limitations for Claims 2 through 4 began to run when Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A).

**MEMORANDUM DECISION AND ORDER - 11**

conviction became final on June 12, 2013, when Idaho's 42-day period for filing an appeal expired. *See* Idaho Appellate Rule 14(a). The Idaho Supreme Court's later dismissal of the untimely appeal and issuance of the remittitur did not restart the statute of limitations period. *See Randle v. Crawford*, 604 F.3d 1047, 1054-55 (9th Cir. 2010).

Absent tolling, the statute of limitations period would have expired one year later, on June 12, 2014. Therefore, the claims in the Petition are barred by AEDPA's one-year statute of limitations unless Petitioner establishes that he is entitled to statutory or equitable tolling.

> ### C.      At Most, Petitioner Is Entitled to 48 Days of Statutory Tolling

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began to run on June 12, 2013. The earliest possible date when the statute was tolled under § 2244(d)(2) was August 28, 2013, when Petitioner states that he filed his first Rule 35 motion for reduction of sentence. (Dkt. 3 at 9.) At that time, 77 days of the limitations period had already passed. *See Nino*, 183 F.3d at 1006.

The court denied Petitioner's motion on September 3, 2013 (Dkt. 3 at 9), and Petitioner had 42 days to file an appeal. *See* Idaho App. R. 14. Because he did not do so, the statute of limitation was tolled until October 15, 2013 (42 days after the motion was denied, *see* Idaho App. Rule 14). Therefore, Petitioner is entitled to, at most, 48 days of

**MEMORANDUM DECISION AND ORDER - 12**

statutory tolling with respect to his initial Rule 35 motion (August 28 to October 15, 2013). When the statute of limitation restarted on October 15, 2013, Petitioner had 289 days remaining in the one-year period (366 days minus the 77 days that had passed before Petitioner filed his first Rule 35 motion). Therefore, his federal petition was due in this Court no later than July 31, 2014—289 days after October 15, 2013.

Because Petitioner's second Rule 35 motion, his state post-conviction petition, and his state habeas petition were not filed until well after July 31, 2014, none of those proceedings could have resurrected the statute of limitation under 28 U.S.C. § 2244(d)(2). *See Ferguson*, 321 F.3d at 822. Therefore, even with statutory tolling, Petitioner's April 28, 2016 federal Petition[10] was still filed nearly 21 months too late. Therefore, Petitioner's claims can be deemed timely only if he is also entitled to equitable tolling.

### D.    *Equitable Tolling*

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 560 U.S. at 649. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years, without any valid justification" to bring his post-conviction claims in state court, and then waited "five more months after his [post-conviction] proceedings became

---

[10]    Petitioner asserts at one point that he filed his federal Petition on February 11, 2016. (Dkt. 19 at 9.) However, Petitioner clearly signed the Petition on April 28, 2016. (Dkt. 3 at 15.)

**MEMORANDUM DECISION AND ORDER - 13**

final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace*, 544 U.S. at 419.

Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case. The only facts asserted to justify the delay in filing have to do Claim 1—Petitioner alleges he could not have known about the *McNeely* decision earlier because he had no access to the decision. Petitioner has offered no justification for the delay in filing with respect to Claim 2, 3, or 4.

Thus, Petitioner is not entitled to equitable tolling on these claims, which are time-barred.

## CONCLUSION

For the foregoing reasons, Claim 1 is noncognizable in this federal habeas proceedings, and the remaining claims are barred by AEDPA's one-year statute of limitations. Therefore, Respondent's Motion for Summary Dismissal will be granted.

## ORDER

**IT IS ORDERED:**

1.      Petitioner's Motion for Extension of Time (Dkt. 17) is GRANTED.

2.      Respondent's Motion for Summary Dismissal (Dkt. 14) is GRANTED, and the Petition is DISMISSED with prejudice.

3.      The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If

**MEMORANDUM DECISION AND ORDER - 14**

Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.



DATED:  **July 24, 2017**

_____
Honorable Ronald E. Bush
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 15**